Hershell W. Gober, Director Department of Veterans Affairs P.O. Box 1280 North Little Rock, AR 72115
Dear Mr. Gober:
This is in response to your request for an opinion regarding the appointment of the Department of Veterans Affairs as guardian for several veterans who reside in the Arkansas Veterans Home. You note that there are currently nine resident veterans who have been adjudicated as incompetent by the Veterans Administration ("VA"), and that one of the veterans has a bank trust officer as guardian. You have asked the following specific question in regard to the other eight veterans:
 Are we in violation of State Statute of assuming guardianship of the other eight (8) veterans if the Veterans Administration makes an institutional award of payment of VA Compensation and Pension benefits to the Arkansas Veterans Home or the Administrator of such facility since that person is a public employee and providing direct services?
The appointment of guardians generally is governed by A.C.A.28-65-101, et seq. These provisions also extend to persons specifically provided for under 28-65-102.
The term "guardian" is defined under A.C.A. 28-65-101(3) as "one appointed by a court to have the care and custody of the person or of the estate, or of both, of an incapacitated person." Section28-65-203 is particularly relevant to your inquiry. This provision addresses the qualifications of a guardian, and states in pertinent part as follows under subsection (h):
 (h)(1) Except as provided in subsection (b) of this section, no public agency or employee of any public agency shall be appointed as guardian for any incapacitated person.
 (2) If no other suitable person exists, the court may appoint an employee of a public agency as the temporary guardian for the incapacitated person.
 (3) No employee of a public agency which provides direct services to the incapacitated person shall be appointed as a temporary guardian.
It is my opinion that the foregoing provision will apply in those instances in which the appointment of a guardian is sought under A.C.A. 28-66-101, et seq. (the Uniform Veterans' Guardianship Act.) Thus, it may reasonably be concluded that the Department of Veterans Affairs, a public agency, may not be appointed as guardian or temporary guardian for a resident veteran, in accordance with A.C.A. 28-65-203(h). [The exception contained in subsection (b) of 28-65-203 only extends to "the Arkansas Department of Human Services or any charitable organization or humane society incorporated under the laws of this state."]
Several potentially applicable federal regulations should also be noted in response to your inquiry. Part 13 of the Code of Federal Regulations, Title 38, is entitled "Department of Veterans Benefits, Fiduciary Activities." Section 13.61 states as follows:
The Veterans Services Officer may authorize the payment of all or part of the pension, compensation or emergency officers' retirement pay payable in behalf of a veteran rated incompetent by the Veterans Administration to the chief officer of the institution wherein the veteran is being furnished hospital treatment or institutional, nursing or domiciliary care, for the veteran's use and benefit, when the Veterans Services Officer has determined such payment (called an institutional award) will adequately provide for the needs of the veteran and obviate need for appointment of another type of fiduciary.
See also 38 C.F.R. 13.58. A review of these regulations indicates that the Arkansas Veterans Home may act in a fiduciary capacity for a resident beneficiary in receiving benefits from the VA on behalf of the veteran, following authorization by the Veterans Services Officer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.